FRANCISCO ARGUELLES AND LEOPOLDO FERNANDEZ, *Appellants*, v. FRANCISCO SABIO, *Appellee.*

Opinion Filed November 4, 1913.

In a suit to enjoin and to recover for an infringement of a trade mark, where the infringement is sufficiently alleged and is admitted by a decree *pro confesso*, a decree against two particular persons, who participated in the infringement, enjoining further infringement and awarding as damages the amount of the profits shown to have been made by the in-

fringement, will not be reversed, no material error of law or procedure being made to appear.

Appealed from Circuit Court, Hillsborough County; F. M. Robles, Judge.

Decree affirmed.

*W. H. Jackson,* for Appellants;

*Dickenson & Dickenson,* for Appellee.

WHITFIELD, J.—Sabio brought suit to enjoin the infringement of a trade mark and for an accounting and damages for the infringement. The transcript brought here does not show it, but it is conceded that a decree *pro confesso* was entered. Testimony was taken as to the protfis of the defendants made in the infringement, and a final decree awarded a permanent injunction and damages for the profits shown by the testimony.

It is contended that no infringement is proven; that as the proofs did not authorize an injunction there was no power to award damages; that the proofs do not warrant the damages allowed; and that the decree being joint is erroneous.

The sufficient allegations of the bill of complaint showing the infringement are admitted by the decree *pro confesso*. The confessed allegations of the bill warranted the injunction, and the proven profits allowed as damages are a proper incident to the injunction. The appellants are shown to be joint tort feasors in the infringement, and the joint decree against them is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.